ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024
Telephone: (310) 943-0298
Facsimile: (310) 943-2255

Attorneys for Plaintiff
PAMELA SIMPSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SIMPSON, | CASE NO.: 15-CV-7771 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| AMERICAN LEGAL SUPPORT SERVICES, INC., and DOES 1 through 10, inclusive, | **(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendants. | |

- 1 -
COMPLAINT

Plaintiff Pamela Simpson hereby alleges against defendants American Legal Support Services, Inc., and Does 1 through 10, the following:

## OPERATIVE FACTS

1. A debt collector, Midland Funding, LLC, alleged that plaintiff owed a debt for a personal credit card. In 2013, Midland filed a lawsuit, <u>Midland Funding LLC v. Pamela Washington-Jones</u> (Case No. 13N06719) in the Los Angeles Superior Court against plaintiff, to collect the alleged debt. Midland hired defendant American Legal Support Services, Inc. as its agent to serve the summons and complaint on plaintiff. American Legal Support sent its agent Doe No. 1, one J. Cruz whose first name is unknown to plaintiff, to perform the service of process.

2. Plaintiff lived in Pooler, Georgia at the time. After making any alleged attempts at service, J. Cruz created a false proof of service affirming under oath that he/she had substitute-served plaintiff by handing the summons and complaint to a "Tina Jones, Daughter/Co-occupant" at 650 West 108th Street, in Los Angeles, California. Plaintiff had not lived at this address since 2007, and had left California in 2010. She has no daughter, and does not know anyone named "Tina Jones."

3. Defendant American Legal Support Services filed the false proof of service with the court. Midland Funding then proceeded to obtain a default judgment against plaintiff, based on the false proof of service. Plaintiff first learned of the lawsuit and judgment in April, 2015, and was forced to hire counsel. Plaintiff promptly filed a motion to set aside the default and default judgment, due to the false proof of service. The Los Angeles Superior Court granted the motion in September, 2015.

## JURISDICTION AND VENUE

4. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district. In addition, defendants have sufficient contacts in this district to subject them to personal jurisdiction here.

## PARTIES

6. Plaintiff Pamela Simpson is a resident of the state of Georgia, and is over 18 years of age.

7. Defendant American Legal Support Services, Inc. is a Delaware corporation.

8. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

9. Each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION

**(By Plaintiff Against All Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

10. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

11. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

- 3 -
COMPLAINT

12.     Defendants violated 15 U.S.C. § 1692e by creating and filing a false affidavit of service in the Los Angeles County Superior Court.

13.     Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

14.     Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

15.     Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

16.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against All Defendants for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

17.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

18.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

19.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom a debt collector sought to collect a "consumer debt" alleged to be due and owing.

The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt".

21. The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money or property which was alleged to be due and owing, by reason of a consumer credit transaction entered into with plaintiff.

22. Defendants violated Civil Code § 1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceedings when defendants knew that service of process had not been legally effected.

23. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by creating and filing a false affidavit of service with the Los Angeles County Superior Court.

24. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

25. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof.

26. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

27. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

28. Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: October 3, 2015            TRUEBLOOD LAW FIRM

/s/
Alexander. B. Trueblood

Attorneys for Plaintiff
PAMELA SIMPSON